LILES, Acting Chief Judge.
Appellant, defendant below, appeals from a judgment and sentence entered pursuant *445 to a jury verdict finding him guilty of the crime of committing a lewd and lascivious act.
Defendant was charged, by a direct information in two counts, with unlawfully handling, fondling, and feloniously and knowingly committing a lewd, lascivious and indecent act on an eight year old female child. A jury trial resulted in a guilty verdict on both counts. Defendant was sentenced on the second count, but the trial court deferred sentencing on the first count.
Defendant has assigned seven points as error, but the first six may be combined into one: Whether the trial court erred in admitting evidence of similar acts committed by defendant. The remaining point goes to the sufficiency of the evidence to support the jury verdict.
This latter point we find to be completely devoid of merit. The record reveals that defendant permitted various children and neighbors to use a swimming pool he had constructed in his back yard. On the particular day in question, the prosecutrix was on her way to defendant’s swimming pool when she got a splinter in her foot. When she arrived at defendant’s premises, he offered to assist her in removing the splinter. Defendant asked the prosecutrix to come to his bedroom and directed her to remove her clothing while he disrobed. The acts complained of followed.
During the course of the trial, the state was allowed to present the testimony of two other female children to the jury. These two witnesses testified essentially that defendant had on previous occasions improperly fondled them while in the swimming pool. Because of the age of these children, we will not repeat their exact testimony. Suffice it to say that it clearly and unequivocally established a course of conduct in the commission of the crime charged in the instant case.
The admissibility of this testimony is governed by the rule set forth in Williams v. State, 110 So.2d 654 (Fla.1959). In a recent decision by this Court involving a similar situation, we said:
“We conclude that the trial judge had authority under Williams v. State, supra, and Talley v. State [160 Fla. 593, 36 So.2d 201], supra, to permit the evidence of former acts of the two defendants in connection with the children involved in the instant case to show a pattern of criminality that makes the prior acts relevant to the commission of the acts in question.” Gossett v. State, 191 So.2d 281, 283 (D.C.A.Fla.1966).
No error having been made to appear, the judgment and sentence appealed is affirmed.
HOBSON and PIERCE, JJ., concur.