SMITH, Acting Chief Judge.
Appeal from a conviction for lewd and lascivious fondling of a child under the age of fourteen. Appellant Owens urges that the trial court erred in allowing the victim, his stepdaughter, to testify about a separate, similar incident of fondling which allegedly occurred six days before the offense charged, and in allowing his wife, the stepdaughter’s natural mother, to give corroborating testimony. We find that under the facts of this case the stepdaughter’s testimony and her mother’s corroborating testimony were admissible.
On the evening of May 14, 1977, as her mother was leaving home on an errand, the child showed fear and anxiety over being left alone with appellant. When pressed by her mother for an explanation, the child, according to her testimony and that of her mother, told her mother that earlier in the week, while her mother was away, appellant forced her to remove her blouse and licked her breasts. Mrs. Owens immediately confronted her husband, who angrily denied the accusation, and said, “You can believe her, or you can believe me.” Appellant remained angry and abusive for the rest of the evening, forcing his wife and children to drink gin and beating his wife. *225 As Mrs. Owens lay on the bed, for all appearances passed out but in fact watching, appellant angrily said to the child, “You told on me, didn’t you?,” which the child acknowledged, and he then required her to lower her pants and he rubbed the child’s “personal place.” Appellant was charged and convicted for that lewd and lascivious fondling.
Testimony of a collateral offense relevant only to show bad character or propensity is inadmissible. Williams v. State, 110 So.2d 654 (Fla.1959); Waddy v. State, 355 So.2d 477 (Fla. 1st DCA 1975). But in this case the child’s and mother’s testimony concerning their conversation on the night of the offense was relevant to show the reason for the confrontation which produced appellant’s furious conduct, including the fondling which was in part retribution against the child. It would have been impossible to fully reveal the events precipitating the offense charged without reference to the conversation between child and mother referring to an earlier incident. We have carefully read the transcript, and it appears that the collateral offense was referred to by the prosecutor only as necessary to establish the conversation which precipitated and explained the confrontation and assault. The testimony objected to tended to prove motive, “which inquires into the accused’s reason for acting as charged and suggests that because he had a specific reason to commit the offense, he did so.” Dodson v. State, 334 So.2d 305, 307 (Fla. 1st DCA 1976). The trial judge acted within sound discretion in deciding that the legitimate purpose of the evidence outweighed its inherent prejudice. Contrast Knox v. State, 361 So.2d 799 (Fla. 1st DCA 1978).
AFFIRMED.
ERVIN and BOOTH, JJ., concur.