455 So.2d 586 (1984)
Ruben GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-132.
District Court of Appeal of Florida, Second District.
September 5, 1984.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Ruben Green was convicted of shooting into a building, contrary to section 790.19, *587 Florida Statutes (1983). In this appeal, he challenges a two and one-half year sentence imposed outside the recommended sentence of "any nonstate prison sanction." We affirm.
On the evening of August 16, 1983, defendant followed Ella Mae Green, his sister-in-law, to her mother's residence. Ella Mae Green drove her vehicle into and across the yard, rather than the driveway, in order to get as near the entry to the residence as possible before alighting from her car. Convinced by defendant's earlier actions and threats that defendant intended her bodily harm, Ella Mae jumped out of the automobile, ran to the house, broke a glass pane in the door with her elbow, and opened the door from the inside in order to gain immediate entry. Once inside, she peeked out the door and observed defendant speaking with her mother. Using foul language, defendant commanded Ella Mae Green's mother in no uncertain terms to tell Ella Mae that he was going to kill her. Ella Mae called out to defendant, "Why are you trying to hurt me? What have I done to you?" Defendant then fired two shots in her general direction. One bullet was recovered from the door frame. No one was physically injured during the incident. However, at trial, Ella Mae Green briefly described her fear of defendant.
Defendant's recommended sentence was "any nonstate prison sanction." However, the sentencing judge imposed a sentence of thirty months in state prison. On the scoresheet, the judge offered the following reason for deviation from the recommended sentence:
Serious mental strain and/damages on victims occasioned by his threats in the past and threats to do damage in the future.
Departures from the presumptive sentence should be avoided by the sentencing judge unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Fla.R.Crim.P. 3.701 d. 11. These reasons shall be articulated in writing. Fla.R.Crim.P. 3.701 b. 6. Defendants are afforded appellate review of the sentencing judge's decision to impose sentence outside the recommended sentence range. Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984). However, the appellate court's role is limited to assuring that the sentencing judge did not commit an abuse of discretion in exercising his discretion to sentence outside the guideline range. Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984).
Defendant contends that the sentencing judge erred in considering psychological trauma as a reason for departure because the scoresheet limits scoring for victim injury to those cases involving physical trauma. See Committee Note to Fla.R. Crim.P. 3.701 d. 7. The simple answer to defendant's point is that the sentencing judge did not use the fact of victim injury caused by psychological trauma in guideline computation, but rather used such injury as a basis for departure from the recommended sentence. As noted in Weems v. State, supra, "[t]here is nothing in rule 3.701 to suggest that matters excluded for purposes of guideline computation cannot be considered as reasons for departure from the guidelines." We believe an additional and even more compelling reason exists to include psychological trauma as a permissible reason for departure. In cases such as those involving sexual offenses, the real effect of the crime often cannot be fully measured without accounting for the psychological trauma occasioned upon the victim. The sentencing judge is in the best position to observe the vicious and malevolent intentions of the accused together with their marked and lasting effect on the victim. By considering psychological trauma as a reason for departure from the guidelines, the sentencing judge can ensure in appropriate cases that the penalty imposed is "commensurate with the severity of the convicted offense and the circumstances surrounding the offense." See Fla.R. Crim.P. 3.701 b. 3. For the reasons expressed above, we reject defendant's contention that a sentencing judge may never consider psychological trauma as a reason for departure.
*588 In the instant case, we find no abuse of discretion in the sentencing judge's reason for departing from the recommended sentence.
AFFIRMED.
RYDER, C.J., and SCHEB, J., concur.