456 So.2d 559 (1984)
James Darrell TONEY, a/K/a James N. Toney, Appellant,
v.
STATE of Florida, Appellee.
No. 84-134.
District Court of Appeal of Florida, Second District.
September 26, 1984.
Jerry Hill, Public Defender, and Larry G. Bryant, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
We affirm appellant's fifteen-year sentence for armed robbery under section 812.13, Florida Statutes (1983). We agree with appellant's contention, however, that the sentencing guideline scoresheet prepared in conjunction with this case incorrectly assessed seven points against appellant for slight victim injury.
When appellant was sentenced on November 23, 1983, Florida Rule of Criminal Procedure 3.701(d)(7) provided that "[v]ictim injury shall not be scored if not a factor of an offense at conviction." Committee Note (d)(7) to the rule explained that the foregoing provision
implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury *560 is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.
In May, 1984, the supreme court approved an amendment to rule 3.701(d)(7) which provides: "Victim injury shall be scored if it is an element of any offenses at conviction." The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984) (emphasis added). The court noted that this change "makes clear that victim injury points are to be included when physical injury is an element of an offense at conviction." Amendment to Rules of Criminal Procedure, at 824 n.[*].
In light of this clarification, we agree that points for victim injury should not have been assessed against appellant when victim injury does not constitute an element of the convicted offense of armed robbery. The trial court undoubtedly would have reached the same conclusion had it had benefit of the supreme court's subsequent clarification.
The erroneous inclusion of seven points for slight victim injury in appellant's guideline computation in no way alters the correctness of the trial court's ultimate sentencing decision. Deduction of the challenged points reduces appellant's total score to 234 points, a total clearly within the 230-292 point range which corresponds to a recommended sentence of twelve to seventeen years for category three offenses. Accordingly, we strike the seven points assessed for victim injury but affirm the court's sentencing decision in all other respects.
AFFIRMED as modified.
SCHOONOVER and LEHAN, JJ., concur.