457 So.2d 1114 (1984)
Robert William MOTYKA, Appellant,
v.
STATE of Florida, Appellee.
No. AW-461.
District Court of Appeal of Florida, First District.
October 12, 1984.
Michael E. Allen, Public Defender, and Charleve V. Edwards, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Motyka appeals from a sentence of 3 1/2 years in prison following conviction for leaving the scene of an accident involving death or personal injuries. Section 316.027, Florida Statutes (1983). The issue presented is whether the trial court erred in scoring victim injury in determining the recommended range pursuant to the sentencing guidelines. The trial court erred. We reverse and remand for resentencing.
Moytka was involved in an automobile accident on 23 June 1983 in which two people were killed and four people injured. He was charged with leaving the scene of an accident involving death or personal injuries. He pleaded guilty and affirmatively elected to be sentenced under the guidelines. The difficulty arose in preparing Motyka's score sheet.
The State contended 48 points should be assessed for victim injury, 24 points for each fatality. Assessing points for injury to the four passengers who were not killed was not urged because the information only alleged the injury or death of the two people who were killed. Defense counsel argued victim injury should not be scored. The trial court agreed with the State and assessed 48 points for victim injury.
With the added 48 points, Motyka's total score was 152, placing him in the recommended range of 3 1/2-4 1/2 years incarceration. Had the 48 points not been added, *1115 the recommended sentence would have been any nonstate prison sanction. The trial court stated it saw no reason to deviate from the guidelines and sentenced Motyka to 3 1/2 years in prison.
As amended on 8 May 1984, Florida Rule of Criminal Procedure 3.701(d)(7) provides: "Victim injury shall be scored if it is an element of any offenses at conviction."[1] Section 316.027 prohibits leaving the scene of an accident involving death or personal injuries. Victim injury is not an element of the offense in the sense that one must injure or kill someone to be guilty of the offense.
The last sentence of the committee note to Rule 3.701(d)(7) provides: "Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma." (emphasis supplied). A conviction under Section 316.027 does not necessarily mean the defendant is guilty of injuring anyone.
Rule 3.701(d)(7), as clarified by the committee note, precludes scoring victim injury for the offense of leaving the scene of an accident involving death or personal injuries.
REVERSED and REMANDED for resentencing with directions that victim injury not be scored.
ERVIN, C.J., and ZEHMER, J., concur.
NOTES
[1] As originally enacted, Florida Rule of Criminal Procedure 3.701(d)(7) provided: "Victim injury shall not be scored if not a factor of an offense at conviction." Under either version of the rule, our analysis is the same.