460 So.2d 589 (1984)
Rodney James HENDRY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-923.
District Court of Appeal of Florida, Second District.
December 21, 1984.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
OTT, Acting Chief Judge.
Appellant, pursuant to a negotiated plea, received concurrent terms of five years imprisonment in each of two cases, one for armed robbery and the other for robbery and grand theft. Because the sentencing guidelines scoresheet incorrectly included fourteen points for victim injury, we reverse.
Under the factual basis supporting the plea, it was specified that considerable injury, both physical and mental, was inflicted on the victim by either appellant or his partner or both.
This court has recently held that points for victim injury should not be assessed because victim injury does not constitute an element of the offense of armed robbery. See Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984).
Accordingly, victim injury points should not have been included in the scoresheet, because victim injury is not an element of the convicted offenses of robbery, armed robbery, or grand theft.
We reverse appellant's sentence and remand for resentencing. We further note that while points for victim injury may not be included on the guidelines scoresheet, physical or mental abuse of the victim may be cited as reason for departure from the guidelines. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984).
DANAHY and SCHOONOVER, JJ., concur.