471 So.2d 633 (1985)
Willie Pearl WHITFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. BC-2.
District Court of Appeal of Florida, First District.
June 25, 1985.
*634 Michael E. Allen, Public Defender; and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Defendant appeals a sentence imposed pursuant to the sentencing guidelines. We reverse and certify a question to the supreme court.
Defendant was charged by information with aggravated battery in violation of sections 784.045(1)(a) (intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement) and 784.045(1)(b), Florida Statutes (deadly weapon). A jury trial was conducted, during which evidence was presented by the victim's plastic surgeon that the victim was admitted to a Gainesville hospital on the morning of the crime with a 6-inch laceration on his arm. An operation was performed to restore the muscle and nerve, but the victim nonetheless suffered some permanent loss of function in his arm and hand. Despite this evidence, the jury returned a verdict of guilty of the lesser included offense of aggravated assault.
A sentencing hearing was conducted immediately following the trial at which the trial court orally reviewed the sentencing guidelines scoresheet prepared by the State. Seventy-three points were assessed for the primary offense at conviction, thirty points for prior convictions, and thirty-six points for severe victim injury. The scoresheet indicated a total of one hundred twenty-five points and a recommended range of community control or twelve to thirty months' incarceration. The court imposed a sentence of thirty months' incarceration. Defendant now argues on appeal that the inclusion of thirty-six points for severe victim injury was error. We agree.
The version of Rule 3.701(d)(7), Fla.R. Crim.P., which was in effect at the time of the instant offense stated:
Victim injury shall not be scored if not a factor of an offense at conviction.
The Committee Note following Rule 3.701(d)(7) stated:
This provision implements the intention of the Commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.
Although victim injury is a necessary element of aggravated battery, it is not a necessary element of aggravated assault, the offense for which defendant was convicted. Therefore, we agree with appellant that, regardless of any injury actually sustained by the victim, the trial court erred in assessing points for victim injury. See Motyka v. State, 457 So.2d 1114 (Fla. 1st DCA 1984).
Interestingly enough, appellee also agrees with appellant, but argues that this appeal should be dismissed due to appellant's failure to contemporaneously object. We disagree. The language of the supreme court in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), has been construed by this court, as well as by other district courts, as meaning that a defendant's failure to contemporaneously object upon imposition of a sentence does not preclude appellate review of sentencing errors. Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984); Ramsey v. State, 462 So.2d 875 (Fla. 2d DCA 1985); Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1985).
We note, however, that two recent decisions of the supreme court might be construed as an attempt by that court to limit *635 the effect of Rhoden. Walker v. State, 462 So.2d 452 (Fla. 1985); State v. Snow, 462 So.2d 455 (Fla. 1985). We refer specifically to the following language:
In State v. Rhoden, we held that the statutory duty placed upon the trial court to make specific findings of fact when sentencing a juvenile offender as an adult was intended to be mandatory. In those situations where the statute places a mandatory duty upon the trial judge to make specific findings, we held the contemporaneous objection rule did not apply to bar appellate review of the court's failure to follow the mandatory sentencing requirements.
462 So.2d at 456.
We therefore certify the following question to the supreme court:
IS THE DECISION IN STATE V. RHODEN, 448 So.2d 1013 (FLA. 1984) TO BE LIMITED TO THOSE SITUATIONS IN WHICH A STATUTE PLACES A MANDATORY DUTY UPON THE TRIAL COURT TO MAKE SPECIFIC FINDINGS OR SHOULD RHODEN BE CONSTRUED TO MEAN THAT A DEFENDANT NEED NOT CONTEMPORANEOUSLY OBJECT TO ANY ALLEGED SENTENCING ERROR IN ORDER TO PRESERVE THAT ISSUE FOR APPEAL?
Accordingly, defendant's sentence is reversed and remanded for resentencing in accordance with our instructions that 36 points be removed from the scoresheet.
REVERSED and REMANDED.
ERVIN, C.J., and JOANOS, J., concur.