474 So.2d 346 (1985)
Joseph L. BROWN, Appellant,
v.
STATE of Florida, Appellee.
Nos. AX-98, AX-197.
District Court of Appeal of Florida, First District.
August 7, 1985.
Rehearing Denied September 11, 1985.
*347 Joseph L. Brown, pro se.
Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Thomas H. Bateman, III, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences imposed for the offenses of armed robbery with a firearm and battery on a law enforcement officer. We find that in determining appellant's recommended armed robbery sentence pursuant to the Fla.R.Crim.P. 3.701 sentencing guidelines the court erred by including a computation for the circumstance of victim injury. We therefore vacate appellant's armed robbery sentence and remand the cause for resentencing.
Fla.R.Crim.P. 3.701(d)(7), as effective at the time of appellant's armed robbery offense, provided that:
Victim injury shall not be scored if not a factor of an offense at conviction.
The Committee Note following Rule 3.701(d)(7) further provided that:
This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.
In the present case appellant's offense of battery on a law enforcement officer offense was properly considered within the "prior record" category pursuant to Rule 3.701(d)(5), rather than as either a "primary or additional offense" at conviction. This battery offense therefore may not serve as the basis for a victim injury computation. And since victim injury is limited to physical trauma[1] and is not a necessary element of appellant's armed robbery offense it is not subject to inclusion in the sentencing guidelines computations for that offense. Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984); cf., Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985). The issue is cognizable on appeal even though no objection was interposed below. Whitfield, supra.
Appellant's argument with regard to other asserted errors is without merit. To the extent that the evidentiary predicate for various guideline computations is now challenged, the failure to object below does preclude appellate review of these issues. See Dailey v. State, 10 FLW 1120 (Fla. 1st *348 DCA May 1, 1985), rehearing denied 471 So.2d 1349 (June 27, 1985).
The judgments of conviction appealed are hereby affirmed, but appellant's sentence for the offense of armed robbery with a firearm is vacated and the cause remanded for resentencing.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] Although victim injury as a guideline computation is limited to physical trauma, Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984), indicates that emotional injury or psychological trauma may also be considered as a basis for departing from a recommended guidelines sentence. Accord, Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984).