475 So.2d 1000 (1985)
Scott Alan BENEDICT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1814.
District Court of Appeal of Florida, Fifth District.
September 19, 1985.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
*1001 Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Judge.
Benedict appeals from a guidelines sentence for the offense of leaving the scene of an accident with injuries, contending that the trial court erred in assessing points for victim injury.
Florida Rule of Criminal Procedure 3.701(d)(7) provides that victim injury shall be scored if it is an element of any offenses at conviction. The committee note explains that:
This provision implements the intention of the commission that points for victim injuries be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.
In the present case, Benedict was convicted of violating sections 316.027 and 316.062, Florida Statutes, which require the driver of any vehicle involved in an accident resulting in injury or death to stop and render aid and to furnish certain information upon request. In Motyka v. State, 457 So.2d 1114 (Fla. 1st DCA 1984), a case virtually identical to the present case, the court concluded that victim injury is not an element of leaving the scene of an accident (section 316.027) in the sense that one must injure or kill someone to be guilty of the offense.[1] Likewise, we conclude that victim injury is not an element of section 316.062. Accordingly, points for victim injury should not have been scored. See Motyka. See also Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984) (victim injury points should not have been included in scoresheet since victim injury is not an element of the offenses of robbery, armed robbery or grand theft for which defendant was convicted.) Since points were erroneously scored for victim injury, we reverse and remand for resentencing.
REVERSED and REMANDED.
COBB, C.J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
This special concurrence is to note, as did the court in Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984), that because some aggravating sentencing factor is not, or cannot be, considered in a guidelines scoresheet calculation constitutes the very reason that factor may be properly considered by the trial court as a possible "clear and convincing" reason for departure from the recommended guideline sentence. See Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984), quashed on other grounds, 476 So.2d 158 (Fla. 1985); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984); Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), approved, 469 So.2d 128 (Fla. 1985).
NOTES
[1] For example, the driver who caused the accident could be the injured person and if the non-negligent driver left the scene, he could be charged.