478 So.2d 823 (1985)
Bernie I. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2268.
District Court of Appeal of Florida, Second District.
July 31, 1985.
As Modified on Denial of Rehearing November 20, 1985.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
*824 OTT, Judge.
We reverse and remand for resentencing because the trial court erroneously included points for victim injury in appellant's scoresheet.
Appellant was charged with robbery and found guilty of attempted robbery. His scoresheet included 14 points for victim injury. The version of rule 3.701(d)(7), Florida Rule of Criminal Procedure, which was in effect at the time of the instant offense, stated:
Victim injury shall not be scored if not a factor of an offense at conviction.
Consequently, the court erred in scoring points for victim injury. See also Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984).
The scoresheet before the trial court indicated a presumptive sentence of two and one-half to three and one-half years incarceration. The correct presumptive sentence, after subtracting the erroneously included victim injury points, is community control or 12 to 30 months incarceration. The trial court departed from the guidelines and sentenced appellant to five years incarceration. The court gave the following reasons to support departure: (1) the appellant used force in the commission of the offense which resulted in moderate injury; (2) the injury became progressively worse; (3) there was a taking of property; (4) the victim was a female and the defendant was male, and the crime occurred at night. We hold that number (3) is improper. It constitutes a factor relating to the instant offense for which a conviction has not been obtained and is an improper reason for deviating from the guidelines. See Fla.R.Crim.P. 3.701(d)(11).
The supreme court held, in Albritton v. State, 476 So.2d 158 (Fla. 1985) that when a departure from the guidelines is grounded on both valid and invalid reasons, the sentence should be reversed and the case remanded for resentencing unless the state can show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the sentence. We are reversing for reasons apart from Albritton.
In Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985), the First District remanded for resentencing where, as here, the trial court departed from the guidelines, but a scoresheet error resulted in the trial court being misinformed about the guidelines range. Although the trial court departed from the guidelines range, we decline to hold that the error is harmless. As the First District in Scott reasoned when faced with a similar set of facts, we cannot say that the trial court would have imposed a five-year sentence if a correct scoresheet had been before it.
Appellant did not raise this error below. In Dailey v. State, No. AZ-64 (Fla. 1st DCA June 27, 1985) [10 FLW 1583], the court applied the contemporaneous objection rule because the issues raised by Dailey did not relate to the trial court's failure to follow mandatory requirements of the statute. Consequently, the First District distinguished Dailey from State v. Rhoden, 448 So.2d 1013 (Fla. 1984), Walker v. State, 461 So.2d 229 (Fla. 1984), and State v. Snow, 462 So.2d 455 (Fla. 1985). On rehearing, the first district certified to the supreme court the question of whether the contemporaneous objection rule precludes appellate review of a guidelines sentencing error involving factual matters not determinable from the record. Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985).
The first district had occasion to consider the erroneous addition of victim injury points to a guidelines scoresheet for aggravated assault in Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985). There, the court declined to follow the contemporaneous objection rule. We agree with the Whitfield court. Rule 3.701(d)(7) places a mandatory duty upon the trial court. Hence, the inclusion of victim injury if not a factor of an offense at conviction is an error of law. This is the type of sentencing error which does not require a contemporaneous objection in the trial court. See Rhoden, supra.
*825 Accordingly, appellant's sentence is vacated and remanded for resentencing.
RYDER, C.J., and FRANK, J., concur.

ON MOTION FOR REHEARING OR IN THE ALTERNATIVE, MOTION TO CERTIFY QUESTIONS AS BEING OF GREAT PUBLIC IMPORTANCE AND SUGGESTION FOR REHEARING EN BANC
OTT, Judge.
In a motion for rehearing, the state urges this court to recede from its position that victim injury points cannot be scored under Florida Rule of Criminal Procedure 3.701(d)(7) for the crime of robbery. We have so held in Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984), Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984), and now in the instant case. We decided to consider this question en banc. See Fla.R.App.P. 9.331(c)(1).
The robbery statute, section 812.13(1), provides:
"Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
The state argues that physical contact and/or injury is an element of robbery under rule 3.701(d)(7) if the charging document alleges that the robbery was accomplished by "force" or "violence," and the physical contact and/or injury was used to show the taking was by force or violence. We disagree. Physical contact or victim injury may accompany or be incidental to force or violence, but neither is necessarily a part of the proof of force or violence. Consequently, we adhere to our prior holding that victim injury points should not be scored under the guidelines for the crime of robbery. Accord Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985). When victim injury is not an element of a crime at conviction, it may be used as a reason to depart from the guidelines. See Hendrix v. State, 474 So.2d 346 (Fla. 1985). Hence, victim injury may be used as a reason to depart from the guidelines in a robbery conviction.
Appellee's Motion for Rehearing or in the Alternative, Motion to Certify Questions as Being of Great Public Importance and Suggestion for Rehearing En Banc is DENIED.
RYDER, C.J., and GRIMES, SCHEB, DANAHY, CAMPBELL, SCHOONOVER, LEHAN, FRANK and HALL, JJ., concur.