482 So.2d 431 (1985)
Maurice Eugene HOLLOMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-259.
District Court of Appeal of Florida, Fifth District.
December 26, 1985.
Rehearing Denied February 10, 1986.
*432 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Pursuant to a plea agreement, appellant pled guilty to a grand theft (§ 812.014(2)(b), Fla. Stat.) and an attempted aggravated battery (§ 777.04, 784.045(1)(b), Fla. Stat.), although the facts were that appellant actually and severely cut his victim with a knife in three places. The sentencing guidelines scoresheet included 36 points for severe victim injury and totaled 124 points, which score falls within the second cell block for this offense and authorizes 12-30 months incarceration. On appeal appellant challenges the legality of his sentence of 30 months imprisonment followed by a five year period of probation.
Appellant argues that the sentencing court erred in assessing points for severe victim injury because victim injury is not a necessary element of the crime of attempted aggravated battery with a deadly weapon, which was scored as the primary offense, or of the crime of grand theft, which was scored as an additional offense at conviction. The reported cases appear to hold that to be scored victim injury must be an essential constituent element of either the primary or an additional scored offense. See Fla.R.Crim.P. 3.701(d)(7) and its committee note; Benedict v. State, 475 So.2d 1000 (Fla. 5th DCA 1985); Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985); Motyka v. State, 457 So.2d 1114 (Fla. 1st DCA 1984); Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984); Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984).
The elements of every attempt crime are (1) an intent (or design) to commit some specific offense, and (2) "an overt act going beyond mere preparation but falling short of execution of the ultimate design." Because the "overt act" element of every attempt is so vague and indefinite, it cannot be analyzed in the abstract and determined to either include or exclude any particular act.[1] Victim injury may, or may not, be the "overt act" element of a particular attempt crime, but it cannot be held as a matter of law that victim injury is, or is not, an element of any particular attempt crime.[2] The problem is aggravated in a case such as this where, because of plea negotiations, the crime for which the sentence is being formulated (an attempted aggravated battery), does not fit the uncontested facts which, in actuality, equate with the completed crime of aggravated battery. Because we cannot hold as a matter of law that victim injury is an essential constituent element of attempted aggravated battery, we must resolve the ambiguity in favor of the accused and hold that points for victim injury should not have been scored in this case. However, we quickly note that some aggravating factors, such as victim injury, cannot be considered in a guideline scoresheet calculation. This is the very reason such factors may be properly considered by the sentencing court as a possible "clear and convincing" reason for departure from the recommended guideline sentence[3] if properly stated in *433 writing[4] and not commingled with invalid reasons.[5]
Appellant also argues that his split sentence of 30 months confinement followed by five years probation exceeds the recommended guideline sentence in violation of the guideline sentencing provision in effect at the time appellant was sentenced. See Rule 3.701(d)(12) (which limits a split sentence to the total recommended guideline sentence); Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985). We agree. The committee note to Rule 3.701(d)(12) was amended effective July 1, 1984, to provide that the total sanction (incarceration and probation) of a split sentence should not exceed the term provided by general law. The Florida Bar: Amendment to Rules of Criminal Procedure (Sentencing Guidelines), 451 So.2d 824, 828 (Fla. 1984). As to split sentences, see sections 948.01(5) and 948.01(8), Florida Statutes. Under section 784.045(2), Florida Statutes, aggravated battery is a felony of the second degree; under section 777.04(4)(c) the attempt is a felony of the third degree, which under section 775.082(3)(d) is punishable by a term of imprisonment not exceeding five years. Therefore, the total sanction (incarceration and probation, or community control) in a split sentence in this case may not exceed five years.
Appellant's convictions for grand theft and attempted aggravated battery and the sentence for the grand theft are affirmed. The sentence as to the attempted aggravated battery is vacated and the cause is remanded for resentencing to the recommended guideline sentence on the attempted aggravated battery or to a departure sentence imposed in accordance with the sentencing guidelines.
AFFIRMED in part; REVERSED and REMANDED in part.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] In the context of other legal problems the difficulty of analyzing the elements of an attempt has been noted. See Barnhill v. State, 471 So.2d 160 (Fla. 5th DCA 1985).
[2] Cf. Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985).
[3] See Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984), quashed on other grounds, 476 So.2d 158 (Fla. 1985); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984); Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), approved, 469 So.2d 128 (Fla. 1985).
[4] See Jackson v. State, 478 So.2d 1054 (Fla. 1985).
[5] See Albritton v. State, 476 So.2d 158 (Fla. 1985).