484 So.2d 649 (1986)
Darrell Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 85-368.
District Court of Appeal of Florida, Fourth District.
March 12, 1986.
*650 Robert D. Halstead, Jr., Jupiter, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Robert L. Teitler and Eddie J. Bell, Asst. Attys. Gen., West Palm Beach, for appellee.
DELL, Judge.
Darrell Lee Smith challenges the trial court's computation of his guidelines sentence and the reasons stated by the court for departing from the sentencing guidelines.
Appellant stole a woman's purse and injured her slightly during the ensuing struggle. A jury found him guilty of robbery without a weapon. In computing appellant's sentence, the trial court added seven points for slight victim injury, forty-one points for his prior record, and fifty points for the primary offense. The total score of ninety-eight points yielded a recommended sentence of three and one-half to four and one-half years for the robbery conviction. The trial court then elected to depart from the guidelines and sentenced appellant to seven years imprisonment based upon the following reasons: (1) the nature of the specific crime itself; (2) the defendant's perjury; (3) the impact of the crime and sentencing upon the local community.
Appellant correctly argues that the trial court should not have added seven points to the guidelines scoresheet based upon victim injury. In Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984), the Second District Court of Appeal concluded:
Accordingly, victim injury points should not have been included in the scoresheet, because victim injury is not an element of the convicted offenses of robbery, armed robbery, or grand theft.
Id. at 589; see also Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985).
Appellant next argues that the trial court erroneously added forty-one points for his prior record when he should have only added twenty-three points. Appellant and the State stipulated to two prior third degree felony convictions and one prior misdemeanor. The trial court assessed thirty-three points for three felony convictions. The record does not support the State's contention that appellant did not properly preserve this error at the sentencing hearing. We find the colloquy between counsel and the court concerning the difference between two and three third degree felonies sufficient to preserve the issue and to place the burden on the State to present corroborating proof that appellant had three prior felony convictions. See Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985); Eutsey v. State, 383 So.2d 219 (Fla. 1980). The State, however, failed to meet that burden and on remand the proper number of felony convictions must be determined.
Next, we will discuss the propriety of the reasons supporting the trial court's departure from the guidelines. The trial court explained its first reason for departure:
THE NATURE OF THE SPECIFIC CRIME
The facts in the case at bar show the defendant, a former football player, assaulted a young female on the pavement outside a shopping mall. In many ways a robbery conducted in this manner is more dangerous than someone holding a gun or a knife on an alleged victim. Normally if a knife or a gun is held on an alleged victim there is no injury to the victim. The psychological results of such a robbery are serious. However, if the knife or gun is not used the victim walks away unscathed. In the robbery in this case the victim was thrown to the pavement and did receive some injury. The danger of greater injury by that *651 very action is always a good possibility. A skull, a limb, a jaw, etc. could be broken causing grievous pain and permanent injury. Physical violence between two people so obviously mismatched in strength and power and the potential hurt that comes of this is considered by the Court in exceeding the recommended guideline sentence.
The trial court's speculation as to what might have happened does not constitute a valid reason for departing from the guidelines. Although victim injury may be used as a reason to depart from the guidelines for a robbery conviction where the injury is not an element of the crime at conviction, Parker v. State, supra, here the trial court concluded that the victim suffered only a "slight injury." The State has failed to cite and we have found no case which has held that "slight" victim injury constitutes a clear and convincing reason to depart from the guidelines.
The second reason stated by the trial court also fails to support the departure. We have consistently held that a "defendant's perjury" does not constitute a valid reason for departure from the guidelines. Racino v. State, 479 So.2d 816 (Fla. 4th DCA 1985); McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984).
Finally, we hold that the trial court's third reason for departing from the guidelines  the impact of the crime upon the local community  is too vague to constitute a clear and convincing reason for departing from the guidelines.
The trial court's failure to state clear and convincing reasons for departing from the guidelines requires us to reverse the sentence which it imposed and to remand this case for an evidentiary hearing to determine the number of appellant's prior felony convictions and thereafter to sentence appellant accordingly within the guidelines.
REVERSED and REMANDED.
HERSEY, C.J., and LETTS, J., concur.