498 So.2d 1294 (1986)
Elvin VEGA, Appellant,
v.
STATE of Florida, Appellee.
No. 86-116.
District Court of Appeal of Florida, Fifth District.
November 13, 1986.
Rehearing Denied December 22, 1986.
*1295 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Elvin Vega was charged with one count of robbery of less than $100, and one count of battery. Vega ultimately pled guilty to robbery without a weapon. A sentencing guideline score sheet showed a total of 57 points, with a recommended sentence of 12 to 30 months' incarceration or community control. The trial court determined not to follow the score sheet but, rather, to sentence the defendant as a youthful offender. Accordingly, the court imposed a sentence of four years' imprisonment, followed by two years of community control. Vega appeals the sentence.
He initially contends that the court's disregard of the score sheet is the same as if no score sheet was prepared. This point is without merit. It is clear from the transcript of the sentencing hearing that the trial judge had the score sheet before him in the instant case, but chose to ignore it because he felt the guidelines were inapplicable in sentencing a youthful offender. Cf. Gause v. State, 491 So.2d 320 (Fla. 2d DCA 1986) (wherein no score sheet was prepared or filed in the cause).
The committee note to Florida Rule of Criminal Procedure 3.701(d)11 originally provided that youthful offenders' sentences were exempt from the guidelines. However, this provision was deleted effective July 1, 1984. As noted by the supreme court, "while statutory alternatives are acknowledged, the sentencing court is required to explain the guideline departure when an alternative program is used." The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). Therefore, sentences imposed after July 1, 1984, are no longer exempt from the requirement of written clear and convincing reasons for departure from the sentencing guidelines. Braddock v. State, 472 So.2d 875 (Fla. 1st DCA 1985), review denied, 482 So.2d 349 (Fla. 1986); see also § 958.04(3), Fla. Stat. (1985).[1] In Hawks v. *1296 State, 475 So.2d 1001 (Fla. 5th DCA 1985), this court held that the valid reasons stated by the trial court for imposing the youthful offender sentence were "per se sufficient to explain the guideline departure when an alternative program is used."
The trial court's written reasons for sentencing Vega under the Youthful Offender Act can be summarized as follows: (1) aggressive violence used in the robbery; (2) protection of the community; (3) style of life and unlikelihood of rehabilitation or deterrence with juvenile sanctions. While these reasons follow the criteria found in section 39.111(6)(c), Florida Statutes (1985), and could well support a judicial determination of adult sanctions as a youthful offender, that is not the issue in this case; the departure from the guidelines sentence is. No written reasons for departing from the guidelines are present in the record; however, if the written reasons found in the trial court's order sentencing Vega as a youthful offender prove to be clear and convincing reasons for departure as well, that is sufficient.
Reasons 2 and 3 can be dealt with easily as impermissible reasons for departure. See Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986) (protection of the public and guideline recommendation seen as being inadequate for rehabilitation and deterrence insufficient reasons for departure). Reason number one, victim injury, also presents what should be a simple question. However, the answer requires a mental trip through a process worthy of Rube Goldberg to determine the proper sentence which may be imposed.
Florida Rule of Criminal Procedure 3.701(d)7 provides: "Victim injury shall be scored if it is an element of any offenses at conviction."[2] Several district courts have held that victim injury points should not be scored under the guidelines for the crime of robbery, since it is not an element of the crime charged. See Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Smith v. State, 484 So.2d 649 (Fla. 4th DCA 1986); Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984). This court, in Benedict v. State, 475 So.2d 1000 (Fla. 5th DCA 1985), which dealt with victim injury for the offense of leaving the scene of an accident, seems to cite Hendry with approval. Since victim injuries cannot be considered in the scoring, the addition of seven points for this factor on Vega's score sheet was error.[3] Thus, the total score in the instant case drops to 50 points, placing it in the next lower cell (any nonstate prison sanction).
If victim injury is not considered in the guideline sheet calculation, it is proper to consider it as a clear and convincing reason for departure from the recommended guideline sentence. See Holloman v. State, 482 So.2d 431 (Fla. 5th DCA 1985); Parker. However, in the instant case, as part of a plea bargain agreement, the state nolle prossed the battery charge against the defendant, and reduced the robbery charge to one without a weapon. Allowing a departure in the instant case based on victim injury would thus be improper, since the departure would in fact be based upon an offense for which the defendant was charged but not convicted because of the plea negotiation. See Baxter v. State, 488 So.2d 647 (Fla. 5th DCA 1986). Therefore, the ultimate conclusion is finally reached: The trial court failed to provide clear and convincing reasons for departure, and the *1297 sentence must be vacated and the cause remanded for resentencing.
After reviewing the mental gymnastics required to resolve this case, one must agree with Judge Cowart's concurring opinion that the basic substantive questions which should be the focus of the guidelines have become blurred and that relief is required.
SHARP, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
Judge Cobb's opinion follows the law as adopted in the rule on guideline sentencing and its amendments and as it has evolved by court decisions and for that reason I concur. But, oh, what a tortuous, twisted, treacherous trail through a tangled thicket! If victim injury is an element of an offense for which the defendant is being sentenced it can be scored, thereby increasing punishment; otherwise, it cannot be scored. But if victim injury cannot be scored, it can be used to depart and override the result of all guideline scoring, except if it were an element of an offense once, but no longer, charged, it can be neither scored nor used to depart. The result is that the basic substantive questions, i.e., (1) whether the defendant injured the victim, (2) whether the defendant should be punished more than otherwise for injuring the victim and, (3) if so, how much more, are entirely lost in a morass and shuffle of legal technicality. Justice and common sense cry out for release, relief, and escape from all of this. Good guidelines (standards) as to sentencing (and support obligations) are greatly needed but not these.
NOTES
[1] Section 958.04(3), Florida Statutes (1985), dealing with youthful offenders, provides:

The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001 unless clear and convincing reasons are explained in writing by the trial court judge. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to s. 924.06.
This section became effective on July 1, 1985.
[2] This language was revised pursuant to the 1984 sentencing guidelines amendment, without any change in substance from the prior provision.
[3] The failure of defense counsel to raise the point either below or on appeal does not preclude its consideration. See State v. Whitfield, 487 So.2d 1045 (Fla. 1986).