503 So.2d 1347 (1987)
Sammy Ray BEASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1859.
District Court of Appeal of Florida, Fifth District.
March 12, 1987.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
Appellant was convicted and sentenced for two counts of attempted sexual battery and one count of lewd and lascivious assault upon a child.
The victim of these offenses was appellant's stepdaughter. The first issue raised by appellant was whether the trial court erred by admitting similar fact evidence through testimony of the victim's sister about other sexual offenses. The trial court granted the state's motion to use similar fact evidence because the sister's testimony was relevant to establish that appellant had the opportunity to perform the illegal acts. The trial court also granted appellant's requested jury instruction about the limited use of this evidence. Both girls testified at trial that appellant would sexually assault them when the other *1348 sister was not present and they were afraid to report the incidents. Appellant contended that the girls had fabricated their testimony because they preferred to live with their natural father. Both appellant and his wife, who is the girls' natural mother, testified that appellant did not have an opportunity to be alone with his stepdaughters. Specifically, the wife testified that she was awake when appellant returned from his night-time job and appellant did not enter the girls' bedroom alone. Appellant corroborated his wife's testimony and further stated that he did not have an opportunity to commit the offenses because the girls slept in the same room eighty-five percent of the time.
Section 90.404(2), Florida Statutes (1985), provides:
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
(b) 1. When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), no fewer than 10 days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal.
2. When the evidence is admitted, the court shall, if requested, charge the jury on the limited purpose for which the evidence is received and is to be considered. After the close of the evidence, the jury shall be instructed on the limited purpose for which the evidence was received and that the defendant cannot be convicted for a charge not included in the indictment or information.
Before the adoption of the evidence code, the principle of similar fact evidence was covered by the Williams rule announced in Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). In the instant case, appellant contends the testimony was improperly used to prove intent, propensity, or bad character. The state argues, however, that the testimony was used to show that appellant had the opportunity to commit the offenses and that appellant raised the issue of opportunity during cross-examination of the victim and during his and his wife's testimony.
Since Williams was decided, numerous district court opinions have upheld the use of similar fact testimony in cases involving sexual crimes against young females where the testimony was relevant to a material issue. In Summit v. State, 285 So.2d 670 (Fla. 3d DCA 1973), the defendant, who was charged with a lewd and lascivious assault upon a female under fourteen years of age, argued that the trial court erred in allowing testimony by the victim's sister about prior sexual offenses. The court held that "in a prosecution for assault in a lewd and lascivious manner upon a girl under fourteen years of age, evidence of similar conduct towards another young girl on a continuing series of occasions, was relevant and admissible to show characteristics of the deed as to motive, intent and absence of mistake." Id. at 670. In Hodge v. State, 419 So.2d 346 (Fla. 2d DCA 1982), rev. denied, 426 So.2d 26 (Fla. 1983), the defendant was charged with two counts of sexual battery on his eleven year old stepdaughter. The appellate court upheld the use of testimony by defendant's natural daughter that established that defendant had frequently committed acts of sexual battery on her when she was ten years old. The court concluded that the similar fact evidence was relevant on the issue of lack of consent and the use of familial authority. In Potts v. State, 427 So.2d 822 (Fla.2d DCA), rev. denied, 434 So.2d 888 (Fla. 1983), the court upheld use of testimony of the victim's younger sisters and the defendant's two sisters because evidence of the past acts had identifiable points of similarity and the level of uniqueness was sufficient to qualify as similar fact evidence. Numerous other decisions have also allowed *1349 the use of similar fact evidence by a victim of the same defendant in a sexual assault case. Epsey v. State, 407 So.2d 300 (Fla. 4th DCA 1981); Jones v. State, 398 So.2d 987 (Fla. 4th DCA), rev. denied, 408 So.2d 1094 (Fla. 1981); Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), rev. denied, 392 So.2d 1373 (Fla. 1981); Owens v. State, 361 So.2d 224 (Fla. 1st DCA 1978); Cantrell v. State, 193 So.2d 444 (Fla. 2d DCA 1966); Andrews v. State, 172 So.2d 505 (Fla. 1st DCA 1965); Ross v. State, 112 So.2d 69 (Fla. 3d DCA 1959). See also Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA), affirmed, 406 So.2d 1113 (Fla. 1981) (evidence about prior sex acts committed by defendant towards stepdaughter held admissible).
The decision cited by the dissent, Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983), is factually distinguishable both in regards to the nature of the similar fact evidence and its use at trial. In Coler, the evidence was offered to prove the state of mind or intent which is not a material fact in a sexual battery charge. In the case before us, the similar fact evidence was used to establish opportunity to commit the crimes, which was permissible under section 90.404(2), Florida Statutes (1985) and relevant since it proved a material fact in issue.
We conclude that the trial court properly allowed the victim's sister to testify because the location, times, acts, and method employed on both girls were substantially the same. See Thompson v. State, 494 So.2d 203 (Fla. 1986); Heuring v. State, 495 So.2d 893 (Fla. 1st DCA 1986). The similar fact evidence was relevant to show appellant had the opportunity to commit the crimes.
The second question is whether the trial court properly scored points for victim injuries on all three counts when there was only one victim. Appellant contends the court improperly assessed separate points for victim injury on each count where there was only one victim and where there was no evidence that appellant made the requisite physical contact with the victim on two of the counts. The state contends that victim injury points are required for multiple offenses even though there is just one victim.
Florida Rule of Criminal Procedure 3.701(d)(7) provides that "victim injury shall be scored if it is an element of any offenses at conviction." This court has held that victim injury can be scored for a conviction of lewd, lascivious or indecent assault or act upon or in the presence of a child. Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla. 1986). The court noted that the lewd and lascivious assault statute was written in the disjunctive so that physical contact could constitute an element since the information charged the crime in the disjunctive. Likewise, the information in the instant case charged that Beasley handled, fondled or made an assault upon the child in a lewd, lascivious or indecent manner. Therefore, the touching which would have resulted in victim injury was charged as part of the disjunctive. The state proved contact because the victim testified that Beasley opened her legs and started to pull down her bathing suit and shorts. Accordingly, there was no error in scoring victim injury for this crime.
However, this court has held that victim injury is not, as a matter of law, an essential constituent of attempted aggravated battery. Holloman v. State, 482 So.2d 431 (Fla. 5th DCA 1985). In Holloman, this court held:
The elements of every attempt crime are (1) an intent (or design) to commit some specific offense, and (2) `an overt act going beyond mere preparation but falling short of execution of the ultimate design.' Because the `overt act' element of every attempt is so vague and indefinite, it cannot be analyzed in the abstract and determined to either include or exclude any particular act. Victim injury may, or may not, be the `overt act' element of a particular attempt crime, but it cannot be held as a matter of law that victim injury is, or is not, an element of any particular attempt crime... . Because we cannot hold as a matter of law *1350 that victim injury is an essential constituent element of attempted aggravated battery, we must resolve the ambiguity in favor of the accused and hold that points for victim injury should not have been scored in this case. However, we quickly note that some aggravating factors, such as victim injury, cannot be considered in a guideline scoresheet calculation. This is the very reason such factors may be properly considered by the sentencing court as a possible `clear and convincing' reason for departure from the recommended guideline sentence if properly stated in writing. (footnotes excluded)
482 So.2d at 432.
Likewise, the Fourth District has held that victim injury could not be scored for attempted aggravated battery. Inscore v. State, 480 So.2d 218 (Fla. 4th DCA 1985). Other decisions have held that victim injury cannot be scored where it is not an element of the offenses charged. Vaillant v. State, 490 So.2d 1326 (Fla. 3d DCA 1986); Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986); Smith v. State, 484 So.2d 649 (Fla. 4th DCA 1986); Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985), affirmed, 487 So.2d 1045 (Fla. 1986). Since appellant was charged with attempted sexual battery, victim contact and the necessary victim injury are not necessarily elements of the charged offense. Based on this court's prior decision in Holloman, the trial court erred by scoring points for the two offenses of attempted sexual battery. This erroneous scoring resulted in appellant's recommended score falling into the next higher cell; therefore, it is reversible error.
The other issue raised on appeal is without merit. Appellant's convictions are affirmed, but the sentence is reversed and this cause is remanded for resentencing.
AFFIRMED in part; REVERSED and REMANDED in part.
COWART, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting:
As noted in the majority opinion, there are a number of district court opinions which support admission of the so-called "similar fact evidence" in the instant case. But the admission of evidence of the sexual abuse of the victim's sister did not show the opportunity, preparation, plan, motive, etc., to sexually abuse the victim at a later time. Neither intent[1] nor identity[2] was at issue. The similar fact evidence was introduced to show propensity, which is expressly prohibited by section 90.404(2)(a), Florida Statutes (1985), and Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
The conflict in this area of the law is clearly set forth by the majority and dissenting opinions in Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), review denied, 392 So.2d 1373 (Fla. 1981), one of the cases relied upon by the majority herein. The facts in Cotita are analogous to those in the instant case. The majority opinion in Cotita relied upon a theory of "pattern of criminality" to uphold admissibility of the disputed evidence of prior sexual offenses by the defendant. I cannot distinguish between a pattern of criminality and propensity to commit crimes. As Judge Robert P. Smith, Jr., observed in his dissent in Cotita:
Evidence of Cotita's prior sexual offenses upon other children tended to prove only his disposition or propensity to mistreat children sexually, which  however logically relevant it may *1351 seems[3]  is not legally relevant to whether he so mistreated his daughter on May 1, 1977.
[3] 1 Wigmore, Evidence, Section 194 at 646 (3d ed. 1940):
It may almost be said that it is because of this indubitable Relevancy of such [character] evidence that it is excluded. It is objectionable, not because it has no appreciably probative value, but because it has too much.
See also 1 Jones on Evidence, Section 4:18 at 418 (6th ed. 1972); McCormick on Evidence, Section 190 at 447 (2d ed. 1972); 1 Underhill, Criminal Evidence, Section 205 at 447 (5th ed. 1956); 2 Louisell and Mueller, Federal Evidence, Section 140 at 113 (1978).
381 So.2d at 1151.
The quote from Wigmore in Judge Smith's footnote pinpoints the problem: evidence of prior sexual assaults upon children has enormous probative value against a defendant in such a case. That is the reason that prosecutors use it and the reason trial and appellate courts have allowed it, despite the express prohibition against it in the statute (§ 90.404(2)(a)) and in Williams. There is logical and moral suasion in such evidence  perhaps, as Wigmore observes, too much. Be that as it may, the Florida Supreme Court has repeatedly refused to recede from the Williams proscription against propensity evidence in sexual abuse cases. See, e.g., Thompson v. State, 494 So.2d 203 (Fla. 1986); Peek v. State, 488 So.2d 52 (Fla. 1986); Drake v. State, 400 So.2d 1217 (Fla. 1981).
There is only one Florida Supreme Court case involving the Williams rule and sexual crimes against children. In Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983), the defendant was charged with rape and sexual battery of a child eleven years or younger. The state was permitted to introduce testimony of various deviant sexual acts committed by the defendant against his children. The court held that none of that testimony was relevant to prove a material issue; it served only to prove the defendant's bad character  i.e., his disposition toward the commission of the crime charged. The state's argument for admissibility of the evidence as showing Coler's state of mind was rejected by the court, which held:
State of mind is not a material fact in a sexual battery charge, nor is intent an issue.
Id. at 238. The court held that the disputed testimony violated the Williams rule, and reversed for a new trial. There were three dissents in Coler.
At the conclusion of his dissent in Cotita, Judge Smith stated his doubt that the bar to propensity evidence should stand in prosecutions for sex offenses against children, even though identity is not at issue. "It may be," he wrote, "that the nature of the offense and the usual difficulties of proving it can justify propensity evidence against the long-honored policy of excluding it." I agree with that observation. But that, it seems to me, is a problem that can only be addressed and resolved by the Florida Legislature and amendment of section 90.404(2)(a) to provide such an exception. In the meantime, given the present language of the statute and the Florida Supreme Court cases of Williams, Thompson, Peek, Coler and Drake, I must dissent, however reluctantly. Hopefully, this matter may be directly addressed by future legislation.
NOTES
[1] See Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983).
[2] In Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), review denied, 413 So.2d 877 (Fla. 1982), we said:

Most cases permitting the use of similar fact evidence in criminal sexual assault cases relate to the issue of identity. The concepts of "modus operandi" or "common scheme or plan" relate to identification by recognition of unusual, thus identifying, aspects of the method that a particular individual uses to accomplish a particular act. (Citations omitted.)
Id. at 1378, n. 5.