HALL, Judge.
The appellant appeals the sentence of three and one-half years’ imprisonment imposed after he was found to have violated his probation. He contends that his score-sheet was erroneously calculated and that he consequently received an illegal sentence. We agree..
The appellant asserts that he received a greater sentence than he should have because the offense listed on his scoresheet as the primary offense at conviction was not an offense pending before the court for sentencing, Fla.R.Crim.P. 3.701(d)(1), and was of a greater degree than the offense that should have been listed.
The state agrees that the error asserted by the appellant occurred but contends that it is harmless because the trial court could have departed from what both parties agree was the proper sentencing category, any nonstate prison sanction, and sentenced the appellant as it did.
At the time of sentencing the trial court had before it an incorrect scoresheet. Without knowing the correct recommended sentence, the trial court was without sufficient information to decide whether to depart. Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985). Furthermore, if the correct recommended sentence was any nonstate prison sanction, then the trial court could not have departed more than one cell without providing clear and convincing reasons in support thereof.
*765 Accordingly, we remand this cause for correction of the appellant’s scoresheet and resentencing of the appellant.
CAMPBELL, A.C.J., and FRANK, J., concur.