GLICKSTEIN, Judge.
Appellant was tried to a jury and convicted of robbery without a weapon. He was sentenced as a youthful offender to three *1341 years’ imprisonment followed by three years’ community control. The guidelines sentence was two and one-half to three and one-half years. The record reflects no written reasons for departure. We reverse the sentence and remand for resentencing in accordance with the statutory guidelines.
The trial court at sentencing on July 31,1987, said that there was absolutely no basis for deviating from the guidelines sentence and indicated that it was not going to go over or under the guidelines. There is nothing in the record to indicate that it changed its mind. However, it was under the mistaken belief, because of defense counsel’s statement and the prosecutor’s silence, that it could sentence the defendant — without departure — to three years of incarceration and three years of community control.
On August 7, 1987, nunc pro tunc July 31, 1987, it spelled out six reasons for sentencing the defendant as an adult, not for departing from the guidelines.
Unfortunately, the three years of community control is excessive by one year. See § 948.01(5), Fla.Stat. (1985). The net result is that the sentence is what the trial court wanted; but it is illegal because of the absence of written reasons for departure.
Unlike our companion court in Vega v. State, 498 So.2d 1294, 1296 (Fla. 5th DCA 1986), we are unwilling — as a reviewing court — to consider the reasons given by a trial court for sentencing the defendant as an adult as reasons for departure. In such instance, the trial court is considering punishment of the defendant as an adult, not enhancement of punishment as an adult. Moreover, the trial court knows reasonably well what are valid reasons for departure. There is no reason for us to assume the six reasons given here imposing adult punishment would have been considered by the trial court for departure, when we find all six to be invalid for that purpose.
On remand, we direct the trial court to sentence the defendant as a youthful offender within the guidelines. Shull v. Dugger, 515 So.2d 748 (Fla.1987), emphasizes that the sentencing hearing is a very critical, precise proceeding, requiring proper preparation by the lawyers as well as presentation to and understanding by the trial judge. Its message is that departure is to be properly effected at that time, if at all.
DOWNEY and DELL, JJ., concur.