506 So.2d 101 (1987)
Willie James SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1094.
District Court of Appeal of Florida, Fifth District.
May 7, 1987.
*102 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Simmons appeals his five year sentence imposed for sexual battery[1] after violation of probation. We vacate the sentence and remand for resentencing pursuant to the guidelines.[2]
The record in this case contains numerous errors. The most basic one is that Simmons initially pled guilty to attempted sexual battery,[3]not sexual battery. Therefore he could not be sentenced for, or adjudicated guilty of, sexual battery.
Simmons' scoresheet was improperly calculated. "Victim injury" is not an element of attempted sexual battery and it is error to add points[4] for it in an attempted sexual battery case. Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987).[5] Further, there is no record evidence of any victim injury in this case.
Based on this record, Simmons' guidelines score should have totaled 149 rather than 189, as indicated on the scoresheet. With a total score of 149, the presumptive guidelines sentence is "any non-state prison sanction."[6] Since Simmons was being sentenced after violating probation, the trial judge could have sentenced him to the next higher bracket without giving any reasons for imposing an aggravated sentence.[7] However, in this case, the trial judge imposed a sentence representing a five bracket upward departure, and he failed to give any written reasons for the departure. This is clear error. Fla.R. Crim.P. 3.701(d)(11); State v. Jackson, 478 So.2d 1054 (Fla. 1985).
Because of these errors we vacate the sentence and remand for resentencing; and we direct that the judgment be corrected to show an adjudication for attempted sexual battery rather than sexual battery.
VACATE SENTENCE; REMAND.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 794.011(5), Fla. Stat. (1984).
[2] Fla.R.Crim.P. 3.701.
[3] §§ 794.011(5), 777.04(1), Fla. Stat. (1984).
[4] Forty points had been inserted for victim injury.
[5] Cf. Holloman v. State, 482 So.2d 431 (Fla. 5th DCA 1985) (victim injury cannot be scored where it is not an element of the offense charged).
[6] Fla.R.Crim.P. 3.988.
[7] Fla.R.Crim.P. 3.701(d)(14).