ORFINGER, Judge.
Defendant appeals from an order denying his motion to correct an illegal sentence. See Rule 3.800(a), Fla.R.Crim.P. His double jeopardy claim and his claim that his split sentence is, in effect, a departure sentence have no merit, but we do find that his sentencing guidelines scoresheet was improperly calculated.
Rule 3.800(a) provides in pertinent part: (a) A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
Appellant was charged with two counts of sexual battery on a child under the age of 12 years, and two counts of lewd assault upon a child under 16 years of age. Defendant plead nolo contendere to two counts of attempted sexual battery on a child and to the two counts of lewd assault. In calculating the guidelines scoresheet, the trial court assessed points for victim injury, and in denying defendant’s motion to eliminate those points, the trial court asserted that the assessment of these points was valid for sexual battery. Elimination of these points reduces the defendant’s recommended guidelines sentence on the attempted sexual battery charges from 12-17 years’ imprisonment to 9-12 years.
Victim injury is not an element of the crime of attempted sexual battery.[1] Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987), affirmed, 518 So.2d 917 (Fla.1988); Simmons v. State, 506 So.2d 101 (Fla. 5th DCA 1987). Accord Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988). Therefore, in accordance with the sentencing guideline rules applicable to this case, those points should not have been scored here.
Accordingly, we vacate the sentences and remand the case for resentencing on all counts, after preparation of a corrected scoresheet.
Sentences VACATED; REMANDED.
DAUKSCH and GOSHORN, JJ., concur.

. Effective July 1, 1987, the Florida Legislature approved revisions to Florida Rule of Criminal Procedure 3.701, Sentencing Guidelines, recommended by the Florida Supreme Court, see 509 So.2d 1088 (Fla.1987), to provide that victim injury would be scored for each victim physically injured during a criminal .episode or transaction. Chapter 87-110, § 1, Laws of Fla.1987. This revision does not apply to the case before the court because the crime was committed before the effective date of the revision.