CAMPBELL, Chief Judge.
In this appeal, appellant challenges only his sentence. We agree with him on two of the three issues he raises and, accordingly, vacate his sentence and remand for resen-tencing.
In appellant’s first point, he raises three separate sub-issues. He argues that: (1) The trial court improperly used two score-sheets; (2) the trial court used the wrong scoresheet; and (3) the trial court improperly scored points for victim injury. We agree.
Florida Rule of Criminal Procedure 3.701(d)(1) requires the court to use one scoresheet for all offenses then pending before the court for sentencing. While appellant was on probation for attempted sexual battery, appellant committed several other offenses. The court used one score-sheet to sentence appellant for those other offenses. The guidelines recommended four-and-one-half to five-and-one-half years in prison, and the court sentenced appellant to four-and-one-half years. At the same hearing, after appellant admitted that, by committing those offenses, he had violated his community control, the court used a different scoresheet and again adjudicated him guilty on all counts, this time imposing eight consecutive two-year sentences and one concurrent two-year sentence, all to be consecutive to the four-and-one-half year sentence previously imposed. In using two scoresheets, the court erred under Florida Rule of Criminal Procedure 3.701(d)(1) and we, accordingly, vacate appellant’s sentence and remand for resentencing with instructions that the court use only one scoresheet.
Appellant’s second sub-issue is that the court erred by using the wrong score-sheet. Under Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the trial court must use the scoresheet in effect at the time appellant committed the offense, not the scoresheet in effect at the time of sentencing. The court here improperly used the scoresheet in effect at the time of sentencing. The error was not harmless because the definition of “primary offense” changed and the point totals for sexual offenses increased substantially in the revision, thus increasing appellant’s sanction substantially. We, accordingly, vacate appellant’s sentence and remand for resentencing with instructions to use the scoresheet that was in effect at the time that appellant committed the offenses.
The third sub-issue appellant raises is that the court improperly scored points for victim injury since victim injury is not a necessary element of attempted sexual battery. Calleja v. State, 541 So.2d 1340 (Fla. 5th DCA 1989). We agree and, accordingly, vacate appellant’s sentence and remand for resentencing with instructions not to score points for victim injury.
Appellant’s second issue is whether the court improperly sentenced appellant for forgery and uttering a forged instrument. First, appellant waived this issue by failing to object. Even if it was not waived, this argument has no merit because the statutory elements of the two offenses (§§ 831.01, 831.02, Fla.Stat. (1983)) show the crimes to be separate offenses since each offense contains an element that is not contained within the other. See Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). We find no merit in this argument.
Lastly, appellant argues that the written order that revoked his community control showed that he had committed violations that were not pled or proven. We agree and, accordingly, strike the allegations in the December 14, 1988 probation revocation order stating that appellant pled *1218 guilty to kidnapping and unauthorized possession of a driver’s license.
Sentence vacated; remanded for resen-tencing with instructions, portions of December 14, 1988 probation revocation order stricken.
RYDER and PARKER, JJ., concur.