618 So.2d 773 (1993)
Carl Alvin WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-494.
District Court of Appeal of Florida, Fifth District.
May 14, 1993.
*774 James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Carl A. Williams pled guilty to grand theft of a motor vehicle and was sentenced to 30 months probation. Subsequently, Williams violated this probation by failing to notify his probation officer of his change of residence. He pled guilty to the violation with the understanding that he would be sentenced to 4 1/2 years incarceration which both he and the court believed to be the maximum sentence under the guidelines.
The Court: Has [your attorney] answered all of the questions you have about that plea form and about the plea you're entering here today?
THE DEFENDANT: Well, there's a few questions, but I was concerned about my points for one.
THE COURT: What points are you talking about?
THE DEFENDANT: Points. In other words, I had a 31 probation violation, and now I jump to four and a half. I was curious or how is it that on my first charge I had like 30 points? She said I could bump to another cell. I was curious how I got there. She explained because it's the  my probation officer asking for.
THE COURT: Sir. It's based on the score sheet that was prepared at the time that you were convicted on the grand theft third degree. That it's just based on that.
Clearly, Williams and the court thought the sentence was authorized by the scoresheet. Just as clearly, it was not. It is conceded for the purpose of this appeal that three and a half years was the maximum, non-departure sentence authorized by the guidelines.
There is no indication that Williams intended to plead outside the guidelines or that the court intended to depart from the maximum guideline range in sentencing. This is not a case of departure based on a negotiated plea.[1] This was a mutual mistake resulting in an illegal sentence.
Having so found, we agree with the State that this cause should be remanded to allow Williams to agree to the departure sentence (accept departure as a condition for the plea) or withdraw his plea and proceed to trial.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
The defendant entered into a written plea agreement which specified a sentence of *775 4 1/2 years in the Department of Corrections. On appeal, defendant seeks to have the 4 1/2 year sentence vacated, claiming that he agreed to the sentence in reliance on a scoresheet that incorrectly identified the upper permitted range. He apparently contends that not only did he not "intend" to agree to a departure but that the judge did not "intend" to sentence him beyond the guidelines. No one has mentioned the state's intent.
It may be, as the brief exchange cited by the majority suggests, that the sole basis for the plea agreement and the judge's acceptance of the plea was an incorrect scoresheet. Against that is the scoresheet itself, which shows that after the original scoresheet was typed up and totalled, it was manually corrected to deduct legal constraint points. Because appellant initially got a low range sentence, the low range was also manually corrected. The upper range, in type, remained unchanged. It is possible that no one  judge, defense counsel, state attorney or defendant  noticed any of this, or ever checked it, but this court cannot engage in such fact-finding and declare the sentence imposed pursuant to a crystal-clear plea agreement was the product of mutual mistake. This issue should be raised in a Rule 3.850 motion so that a proper determination can be made at a hearing where the people who know about this case appear and, if necessary, testify. The trial court is the place for this problem (if indeed there is a problem) to be corrected.
NOTES
[1] The State urges that this was a proper departure sentence based on Williams' agreement to accept the greater sentence by his plea. If this were intended as a departure sentence, we believe that such intent would be clear from the record. Although a negotiated plea is a basis for departure, it should, nevertheless, be so stated in writing by the trial court. Calleja v. State, 562 So.2d 395 (Fla. 5th DCA 1990).

While the supreme court has not expressly held that such reason for departure must be stated in writing, it has never held that it is an exception from the general rule. We doubt, however, that the failure to so state in writing this reason for departure would mandate a reversal and the imposition of a guideline sentence on remand because the defendant would be estopped to claim surprise at the sentence.