PER CURIAM.
Walvert Marcado appeals an order denying in part his motion for postconviction relief. We affirm in part and reverse in part.
Defendant-appellant Marcado was charged with sexual battery and simple battery for offenses committed June 26, 1997. He entered a no contest plea to the reduced charge of attempted sexual battery in exchange for two years probation and certain especial conditions. The simple battery charge was nol prossed.
Defendant thereafter was charged with violation of probation. At the violation hearing his guidelines were calculated as being 94 months to 154 months in state prison. Defendant entered a plea of admission to violation of probation in exchange for a sentence of 94 months.
Defendant filed a motion for postconviction relief asserting that there were harmful scoresheet errors in calculating his guidelines sentence. He asserted, and the trial court agreed, that the scoresheet had incorrectly shown the offense at conviction as being the completed offense of sexual battery, rather than an attempt. Defendant contended, and the trial court agreed, that this reduced the primary offense from a level eight, to a level seven, offense and reduced the point score accordingly.
Defendant also argued that for the offense of attempted sexual battery, it was impermissible to score any victim injury points. Defendant relied on Simmons v. State, 506 So.2d 101 (Fla. 5th DCA 1987), which so states. See id. at 102. That case is of no assistance to defendant.
Effective in 1992, the legislature by statute prescribed the rules for scoring victim injury in sexual battery cases. See § 921.001(8), Fla. Stat. (Supp.1992); ch. 92-135, § 1, Laws of Fla.; see also State v. Montague, 682 So.2d 1085, 1089 n. 2 (Fla. 1996). For crimes committed after the effective date of the 1992 legislation, the version of the statute controls which was in effect on the date of defendant’s crime.
The version of the statute applicable to defendant’s case is subsection 921.0011(7), Fla. Stat. (Supp.1996). “If the conviction is for an offense involving sexual contact *558 that does not include sexual penetration, the sexual contact must be scored in accordance with the sentence points provided under § 921.0014 for sexual contact, regardless of whether there is evidence of any physical injury.” Id. § 921.0011(7)(b)2. The trial court was entirely correct in scoring forty points for sexual contact, rather than eliminating the victim injury points entirely. See id. & § 921.0014(1)(a); Vural v. State, 717 So.2d 65, 67 (Fla. 3d DCA 1998).
The revised scoresheet reflected a range of 55.5 months to 92.5 months. The court reduced defendant’s sentence to 92 months. The sentence is within the correctly recalculated guidelines.
Defendant also appears to argue that victim injury points cannot be assessed unless he affirmatively agrees to the assessment of such points at sentencing. There is no such rule. At the sentencing proceeding the burden is on the defendant to object if he contends that victim injury points have been inappropriately assessed. See Pinacle v. State, 654 So.2d 908, 909 (Fla.1995). The case defendant relies on, Wright v. State, 707 So.2d 385 (Fla. 2d DCA 1998), held that at the time of revocation of probation the defendant could challenge the correctness of victim injury scoring on his scoresheet, unless he had explicitly agreed to the original victim injury scoring at the time of the original plea. See id. at 386. That is a different issue than the issue before us now. The scoring of victim injury in the present case is correct under the applicable statute.
The State concedes, however, that ground III of the defendant’s postconviction motion is well taken. -Although the original plea colloquy reflects that the charge of simple battery was nol prossed, the sentencing order reflected a withholding of adjudication and a suspended sentence. The State acknowledges that the cause must be remanded for correction to reflect that there was a nol pros of the simple battery charge. With that exception, the trial court order is affirmed.
Affirmed in part, reversed in part, and remanded for correction with respect to the simple battery charge.