761 So.2d 318 (2000)
Eric WEISS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC94460.
Supreme Court of Florida.
June 22, 2000.
*319 Bennett H. Brummer, Public Defender and Lisa Walsh, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Bureau Chief, Roberta G. Mandel, and Christine E. Zahralban, Assistant Attorneys General, Miami, FL, for Respondent.
PER CURIAM.
We have for review the decision in Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998), on the basis of express and direct conflict. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons stated in Maddox v. State, 760 So.2d 89 (Fla.2000), we approve the Third District's decision.[1]
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In Maddox v. State, 760 So.2d at 108, we found that the failure to file timely reasons for imposing an upward departure sentence does not constitute fundamental error "if the defendant was not hindered in his or her efforts to challenge the grounds for imposing the departure sentence on direct appeal." Accordingly, we do not reach the question of whether the Third District correctly concluded that section 921.0016(1)(c), Florida Statutes (1995), and Florida Rule of Criminal Procedure 3.703(d)(28)(A) require the written reasons for departure to be filed within seven days after the written sentence is filed rather than seven days after the oral pronouncement of sentence at the sentencing hearing.