GRIFFIN, J.
Linda K. Atwater [“Atwater”] appeals the sentence she received for conspiracy to commit racketeering. We affirm.
In 1996, Atwater was charged by amended information with racketeering, conspiracy to commit racketeering, two counts of petit theft, twenty-two counts of uttering a forged instrument, and organized fraud. The charges arose out of a check writing scheme in which the defendant and others would steal cheeks from businesses and then cash them at area banks or grocery stores using false identification. Three additional co-defendants were charged with varying offenses in the same information. Atwater was convicted of conspiracy to commit racketeering, fifteen counts of uttering a false or forged instrument, and organized fraud. She was sentenced to concurrent prison terms of 105.7 months each for the conspiracy and fraud charges, and to five years for each of the fifteen counts of uttering a false or forged instrument. She was also ordered to pay $20,005.73 in restitution.
Atwater’s convictions were affirmed by this court, but the case was remanded for resentencing on the conspiracy offense because it had been incorrectly listed as a level 8 offense, instead of a level 7 offense. See Atwater v. State, 741 So.2d 1240 (Fla. 5th DCA 1999). When Atwater appeared for resentencing on December 14, 1999, her new scoresheet showed a total of 80.6 points, for a sentencing range of from 39.45 to 65.75 months in prison. The prosecutor asked the court to depart from the guidelines because one of Atwater’s victims, D & B Carpet, had gone out of business as a direct result of the defendants’ check-writing scheme, which resulted in the loss of the victims’ life savings. The prosecutor also argued that the scheme involved a high degree of sophistication and that the defendant had been *1151 involved in similar conduct in the past, in that she previously had been convicted of six forgery and theft offenses.
Defense counsel objected that the reasons for departure cited by the State would provide a basis for departure in every racketeering case and said it was not clear that Atwater was even present for the D & B Carpet job.[1] He also pointed out that all of Atwater’s co-defendants, with one exception, had received lesser sentences than the State was asking for Atwater. After listening to argument of counsel, the court agreed to enter a departure, explaining:
Well, I carefully considered the matter, gave it a lot of consideration. I’ve considered the opinion written by the Fifth District Court of Appeal. I went back and reviewed the court file. I listened closely to counsel for the State and considered the Roberts[2] case and the Calleja[3] case.
I have reviewed the sentencing guidelines scoresheet, carefully considering her background and her circumstances. And the Court finds this is, in my opinion, one of the rare cases where I should depart up. I have departed up, I have departed down in the past. Usually I am within the guidelines, unless we’re coming in with some type of habitual felony offender. Of course I’ve been involved in that also. But I’ve reviewed the reasons for departure and I find this offense did result in substantial economic hardship, did involve a high degree of sophistication, and the Defendant has in the past been involved in conduct similar to this. It did arise from separate episodes.
[[Image here]]
For these reasons, and carefully considering her part, the record and totality of the circumstances surrounding the crimes involves in this case, the Court finds a departure would be appropriate. The Court could go up to 105.7 but the Court finds 96 months would be appropriate. Which is still quite a bit of time.
Atwater was resentenced to ninety-six months in the Department of Corrections for the conspiracy offense. She was also sentenced to a concurrent ninety-six month sentence for the organized fraud offense. Concurrent sixty-month sentences were reimposed on the fifteen uttering convictions. On page three of the sentencing guidelines scoresheet, the trial judge wrote:
Reasons [for departure] stated on the record and see checked reasons on page 4 which states reasons for departure + others on record.
However, no page four appears in the record and it is unclear whether a page four was actually prepared and/or filed or whether it has been lost.
On March 17, 2000, Atwater was granted a belated appeal. In her initial brief filed on May 17, 2000, Atwater argued that her departure sentence involved a disproportionate penalty because she had been *1152 given a harsher sentence than her co-defendants. She did not challenge the validity of the departure on any other basis. Atwater then asked for leave to file a supplemental brief or a motion to correct sentence in the trial court which was based on the trial court’s alleged failure to file written reasons supporting the departure. Atwater explained that although page three of the scoresheet indicated that written reasons had been filed, the clerk of the court had been unable to find a fourth page of the scoresheet containing such written reasons. She said that defense counsel had assumed such written reasons had been filed, and therefore had never filed a motion to correct her sentence. Atwater attached an affidavit from the clerk of the trial court, which indicated that the court file in Atwater’s case contained no “fourth page of 12-14-99 score-sheet.”
This court on June 21, 2000 relinquished jurisdiction to the trial court for the purpose of either correcting the sentence or the record on appeal. On July 7, 2000, the trial court conducted a hearing regarding the missing page of the scoresheet. At the hearing, the prosecutor who had actually prosecuted the case observed:
At the time that this sentencing occurred or resentencing, I guess it was, the court made an upward departure and gave its reasons. And judge, you enunciated your reasons on the record. And at the time and — I’m about confident of this, you had the statutory reasons for upward departure in front of you when you were checking them off, I thought, as you sentenced.
The judge did not seem to remember whether he had prepared a page four. He simply prepared a new page four using the transcript of the resentencing hearing. Defense counsel did not object to this procedure or to the filing of the reconstructed page four.
Atwater asked for and was granted leave to file a supplemental record and brief. The supplemental brief complains of the trial court’s filing of written reasons to support her departure some seven months after her resentencing. Atwater contends that this substituted filing did not comply with the requirement that written reasons for a departure be “filed within 7 days after the date of sentencing,” or that “[a] written transcription of orally stated reasons for departure” be filed within the same time frame. § 921.0016(l)(c), Fla. Stat. (1999).
The State contends that Atwater has failed to show that written reasons were not prepared and/or filed with the clerk within the relevant time frame, contending that the fact that page is now missing does not show a failure to comply with section 921.0016(l)(c) on December 14, 1999. The State relies on San Martin v. State, 591 So.2d 301 (Fla. 2d DCA 1991), review denied, 598 So.2d 78 (Fla.1992), which indicates that the trial court is entitled to reissue an order stating the reasons for departure, where such an order was timely prepared and filed with the clerk of the court, but was subsequently lost. The evidence of timely filing in this case is weak, but there is some circumstantial evidence.
Finally, the State urges even if the evidence of timely filing is insufficient, this issue has been waived because of the failure to object below. The supreme court has said that the late filing of written reasons for departure is not a fundamental error if the defendant was not hindered in her effort to challenge the grounds for departure on direct appeal. Weiss v. State, 761 So.2d 318 (Fla.2000); Maddox v. State, 760 So.2d 89, 108 (Fla.2000). Here, there was no impediment to appellate review of the reasons for departure. The *1153 reasons were fully stated on the record and the court recited that the reasons were filed in writing. Appellant proceeded as if this were so and filed an initial brief that did not assert invalidity of any reason for departure. It was not until well into the appeal that the lack of page four was discovered. Even if written reasons were not timely filed, this was a purely procedural error, if error at all. Appellant has been deprived of no substantive right.
Atwater’s main brief centers on the issue of proportionality in sentencing. In particular, Atwater contends that the sentence she received was unconstitutional because she was given a harsher sentence than her co-defendants. She argues that she was improperly singled out for sentencing in excess of the sentencing guidelines for reasons that would equally have supported a departure in her co-defendants’ cases, and that the sentence imposed amounted to cruel or unusual punishment.
In response, the State argues that the issue has not been preserved for appellate review because it was never raised in the trial court. The State also argues that the record supports the giving of differing sentences to Atwater and her co-defendants, because it shows that each was “differently situated” and received differing sentences based on a variety of factors, including “their influence and degree of involvement in the conspiracy, their criminal histories, their cooperation with the prosecution or lack thereof and their amenability to rehabilitation.” We find appellant’s claim to be factually and legally meritless, as well as unpreserved.[4]
AFFIRMED.
COBB and ORFINGER, R.B., JJ„ concur.

. Atwater was charged in Counts 34 through 40 of the information with uttering a forged instrument on the account of D & B Carpets, but was not convicted of these counts. She was, however, convicted of conspiracy to commit racketeering with respect to these transactions.

2. Roberts v. State, 547 So.2d 129 (Fla. 1989) (trial court may impose a departure sentence upon remand when original sentence is predicated upon improperly calculated scoresheet).

3.Calleja v. State, 562 So.2d 395 (Fla. 5th DCA 1990) (triad court may impose a departure sentence upon remand when original sentence is predicated upon improperly calculated scoresheet).

. See United States v. Cavender, 228 F.3d 792 (7th Cir.2000) (whether defendant’s sentence was disproportionate to those of his codefend-ants was not valid claim under Eighth Amendment; differences in sentences stemmed from differences in defendants’ criminal histories and personal backgrounds, and not from Eighth Amendment violation); Terry v. Trippett, 62 F.3d 1418 (6th Cir.1995) (unpublished) (mere disparity of a sentence even among co-defendants does not in and of itself suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants); United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992)("A defendant cannot rely upon his co-defendant’s sentence as a yardstick for his own ....”), reversed on other grounds, 168 F.3d 343 (8th Cir. 1999) (granting post-conviction relief for ineffective assistance of counsel); United States v. Jackson, 959 F.2d 81, 83 (8th Cir.) (affirming the defendant's sentence although it was twice as long as that received by the conspiracy ringleader who entered a plea agreement and cooperated with government), cert. denied, 506 U.S. 852, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992); United States v. Lemons, 941 F.2d 309 (5th Cir.1991); United States v. Wayne, 903 F.2d 1188, 1198 (8th Cir.1990).