934 So.2d 632 (2006)
Michael WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3450.
District Court of Appeal of Florida, Fifth District.
July 28, 2006.
Michael Williams, Crestview, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Michael Williams appeals the partial summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. He contends that the trial court erred by modifying his sentence without allowing him to withdraw his plea and by summarily denying two claims without attaching parts of the record that refute his claims. We agree he should have been granted the opportunity to withdraw his plea and reverse.
Williams received a 15-year sentence after he pled to and was convicted of three charges in case number 94-921. After Williams served eight years, the trial court suspended the remaining seven years and placed him on three years' probation. Williams did not appeal the sentence and was subsequently released from prison. After his release, Williams violated his probation, resulting in a new three-year probation term. Again, he did not appeal.
Williams subsequently committed new offenses in case number 03-216.[1] He pled guilty to the new charges and to violating his probation in case number 94-921. The court sentenced him in case number 03-216 to two terms of 20 years' prison and 15 years' prison, all concurrent. In case number 94-921, the court revoked his probation and sentenced him to 20 years' prison, concurrent with the sentences imposed in case number 03-216. Williams's appeal of the judgment and sentence in case number 03-216 remains pending.
In this rule 3.850 motion, Williams asserted three claims for relief in case number *633 94-921. We address only his claim that his probation violation sentence exceeded the maximum permissible sentence, for which the trial court granted the relief of a modified sentence. We conclude that the court should have granted Williams the opportunity to withdraw his plea.
In case number 94-921, Williams originally received a true split sentence of 15 years, which was divided into eight years' incarceration with the remainder suspended in favor of probation. When he violated probation, he agreed to a sentence of 20 years' incarceration, which was an illegal sentence. See, e.g., Moore v. Stephens, 804 So.2d 575, 577 (Fla. 5th DCA 2002). Williams's 3.850 motion alleged that trial counsel was ineffective for not moving to withdraw the plea and asked the court to allow him to withdraw. The trial court merely corrected the sentence and did not give Williams the opportunity to withdraw. This was error:
It is a well-established principle of law that a defendant should be allowed to withdraw a plea of guilty where the plea was based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea. Hence when a defendant pleads guilty with the understanding that the sentence he or she receives in exchange is legal, when in fact the sentence is not legal, the defendant should be given the opportunity to withdraw the plea when later challenging the legality of the sentence.
Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983) (citations omitted); see also Williams v. State, 618 So.2d 773, 774 (Fla. 5th DCA 1993) (holding that, where mutual mistake resulted in illegal sentence, defendant should have opportunity to agree to illegality or withdraw plea).
Accordingly, we reverse and remand for the trial court to grant Williams the opportunity to accept the corrected sentence imposed in 94-921 or withdraw his plea in case number 94-921.
REVERSED and REMANDED.
PALMER and EVANDER, JJ., concur.
NOTES
[1] Burglary of a dwelling while armed, armed kidnapping, and possession of a firearm by a convicted felon. These new offenses are the subject of 5D05-2363.