SAWAYA, J.
Michael Williams, pro se, appeals the order denying his rule 3.170(Z) motion to withdraw the plea he entered in case number 03-216.
While serving the probationary portion of his sentence in case number 94-921, Williams violated that probation by committing new law violations, which were charged in case number 03-216. Williams entered guilty pleas in both cases pursuant to a plea agreement with the State and was sentenced at a single sentencing proceeding in both cases. He argues that he had not wanted to enter the plea, but did so because defense counsel advised him that he was exposed to a 30-year sentence in case number 94-921 and thus the 20-year sentence offered by the State was a good deal. He discovered after sentencing, however, that the most he could have been sentenced to was 7 years’ incarceration in case number 94-921.
At this point, the cases became bifurcated through Williams’ admitted oversight. Williams timely filed a motion to withdraw his plea, but his motion identified only case number 03-216. His amended motion to withdraw likewise identified only case number 03-216. Before the court ruled on the amended motion, Williams realized he had failed to include case number 94-921 in his motion to withdraw and, because the 30-day period for filing such motions had expired, Williams filed a rule 3.850 motion alleging ineffective assistance of trial counsel in case number 94-921.
Upon consideration of the rule 3.850 motion, the trial court granted relief by re- *1289 sentencing Williams to a legal sentence, but failed to allow Williams the opportunity to withdraw his plea. Thereafter, the trial court denied the amended motion to withdraw the plea in case number 03-216. In Williams v. State, 934 So.2d 632 (Fla. 5th DCA 2006), this court reversed the denial of Williams’ 3.850 motion and remanded for the trial court to grant Williams the opportunity to accept the illegality of the sentence imposed in 94-921 or to withdraw his plea in that case.
Because Williams was granted the opportunity to withdraw his plea in case number 94-921, Williams must also be given the same opportunity in case number 03-216. See Whitaker v. State, 881 So.2d 80, 82 (Fla. 5th DCA 2004) (holding that where several cases are disposed of simultaneously by a plea bargain and the defendant has cause to withdraw his plea as to one count or case, then the defendant must be allowed to withdraw from the entire plea agreement). Accordingly, we reverse the denial of Williams’ rule 3.170(í) motion and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
PLEUS, C.J. and ORFINGER, J„ concur.