RAMIREZ, J.
Ernesto Companioni appeals from a motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a) and summarily denied by the trial court. Companioni was charged by information dated August 3, 1987, with two counts of sexual battery and three counts of lewd or lascivious assault for acts committed between March 12 and June 2, 1987, against a child under the age of sixteen. The defendant accepted a negotiated plea on September 6, 1988, to a reduced charge of two counts of attempted sexual battery and three counts of lewd assault upon a minor.
Because Companioni was assessed eighty points for victim injury on the guideline scoresheet, the parties believed that he qualified for a sentence of life imprisonment under the guidelines for the crimes of attempted sexual battery charged in Counts I and II of the Information. The State properly concedes that it was error to assess eighty points for victim injury on the guideline scoresheet. The trial court denied this claim in a prior motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and the Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence currently under review. None of these denials by the trial court included an opinion addressing the merits of this claim.
We agree with the State’s concession that the record reflects Companioni is entitled to relief. The postconviction record indicates that he was improperly assessed eighty points for victim injury on the guideline scoresheet. Here, his crimes were committed between March 12 and June 2,1987. These dates are prior to the amendment to Florida Rule of Criminal Procedure 3.701(d)(7), adopted by the Florida Supreme Court, effective July 1, 1987, which allowed for the scoring of victim injury points regardless of whether the injury was an element of the crime. Under the prior guidelines in effect, it was error to score victim injury points for the crime of attempted sexual battery because victim injury was not an element of that crime. Simmons v. State, 506 So.2d 101, 102 (Fla. 5th DCA 1987). When the erroneously counted victim injury points are excluded, Companioni’s guidelines score drops from 623 to 543 points. This then would change his recommended sentence, from a recommended sentence of life in prison to a recommended range of twenty-two to twenty-seven years. The guidelines allow a one-cell increase, to twenty-seven to forty years, for the revocation of probation. See Fla. R.Crim. P. 3.701(d)(14). According to Florida Rule of Criminal Procedure 3.800(a), “A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet,_” As such, Com-panioni has stated a claim that is meritorious from the face of the record.
Because we are reversing, the State suggests that the proper solution here, in accord with Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981), is to remand the case so that the trial court can give the State the option of retrying Companioni on the original charges or electing to have only the excessive portion of the sentence imposed vacated.
Accordingly, this case is reversed and remanded to the trial court for correction of Companioni’s scoresheet to reflect *885 eighty fewer points, for a total of 543 points. We further instruct the trial court to give the State the option of allowing Companioni to move to vacate the judgment and sentence (under a properly filed Rule 3.850 motion) and reinstate the original charges, or vacating only that portion of the sentence imposed which is excessive in light of the corrected guidelines score-sheet.
Reversed and remanded with instructions.